IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ohio Legal Rights Service | : | |
| 50 West Broad Street, Suite 1400 | : | |
| Columbus, Ohio  43215 | : | |
| | : | |
|     Plaintiff | : | |
| | : | Case No.:  1:12-cv-502 |
|     -vs- | : | |
| | : | |
| Sunshine Group Home | : | Judge: |
| 4137 Chambers Street | : | |
| Cincinnati, Ohio  45223 | : | |
| | : | Magistrate Judge: |
|     and | : | |
| | : | |
| Sean Pittman | : | |
| Sunshine Group Home | : | |
| 4137 Chambers Street | : | |
| Cincinnati, Ohio  45223 | : | |
| | : | |
|     Defendants. | : | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.      NATURE OF THE ACTION**

    1.      Each paragraph in this Complaint incorporates all others.

    2.      This action seeks declaratory and injunctive relief against Defendant Sunshine Group Home and Defendant Sean Pittman, the owner of Sunshine Group Home ("Defendants"), because of their refusal to provide Plaintiff, Ohio Legal Rights Service ("Plaintiff") with access to the records of individuals with a mental illness, who reside in the home.

    3.      One resident of Defendant, Sunshine Group Home, had filed a complaint with Plaintiff and requested its assistance.  Plaintiff then began an investigation of the home.

    4.      Plaintiff is the protection and advocacy system created by Congress and the Ohio

General Assembly to protect and advocate for the rights of people with mental illness and, pursuant to state and federal law, has access to the records it has requested.

## II.     JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).  Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendants reside in this district and the events or omissions giving rise to Plaintiff's Complaint occurred in this district.

## III.    PARTIES

6.     Plaintiff is an agency of the State of Ohio and is chartered by statute at R.C. § 5123.60.

7.     Plaintiff is designated by the Governor of the State of Ohio as the protection and advocacy system for individuals with mental illness pursuant to 42 U.S.C. § 10801, *et seq*.

8.     Plaintiff is obligated by federal and state law to protect and advocate the rights of individuals with mental illness and to assure that all persons who are institutionalized are fully informed of their rights and adequately represented by counsel in any proceedings to secure such rights.  *See* 42 U.S.C. § 10801, *et seq*.; R.C. § 5123.60(A).

9.     Under 42 U.S.C. § 10805(a)(1)(B), Plaintiff has the authority to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in Ohio.

10.    Defendant Sunshine Group home is an "adult care facility" or "ACF" as defined in Section 5119.70(A)(9) of the Ohio Revised Code and Section 3701-20-01 of the Ohio Administrative Code and is licensed by the Ohio Department of Mental Health ("ODMH") to provide mental health services to its residents with mental illness.

11.    An ACF is defined as an adult family home or an adult group home.  For the

2

purposes of Sections 5119.70 to 5119.88 of the Ohio Revised Code, any residence, facility, institution, hotel, congregate housing project, or similar facility that provides accommodations and supervision to three to sixteen unrelated adults, at least three of whom require personal care services, is an adult care facility regardless of how the facility holds itself out to the public.

12. "Personal care services" means services including, but not limited to, the following: (i) Assistance with activities of daily living; (ii) Assistance with self-administration of medication, in accordance with rules adopted under Section 5119.79 of the Ohio Revised Code.

13. Pursuant to R.C. § 5119.73(A), the director of the Ohio Department of Mental Health shall inspect, license, and regulate adult care facilities.

14. Defendant Sunshine Group Home is a "facility" under 42 U.S.C. § 10802(3).

15. Defendant Sean Pittman is the owner and operator of Sunshine Group Home, and he is sued in his capacity as its owner and operator.

## IV. FACTS

16. In late May, 2012, a former resident of Sunshine Group Home contacted the Plaintiff to initiate a complaint about conditions in the home and abuse of residents by Defendant Pittman.

17. On June 7, 2012, one of Plaintiff's Investigators consulted with ODMH regarding facility conditions and treatment of residents.

18. Plaintiff learned that ODMH completed a survey of the home with citations on April 26, 2012 requiring a Plan of Correction ("POC").

19. Plaintiff learned that the ODMH licensure surveyor observed an infestation of bed bugs, roaches, and mice; bed sheets that were extremely soiled and infested with bed bugs and that medications were not given properly or timely.

3

20.     ODMH's POC letter went out on June 4, 2012 requiring owner, Defendant Pittman, to respond with his corrective action by June 18, 2012.

21.     ODMH filed for a hearing under Ohio Revised Code Chapter 119 to revoke Defendant's facility license due to the poor living conditions and treatment of residents.

22.     On June 7, 2012, Plaintiff's Investigator visited the Defendant facility and interviewed a resident.

23.     Plaintiff's Investigator took pictures of the facility with permission from the resident.

24.     During the Investigator's visit to the facility, the Investigator observed a long fly strip covered in insects in the living room, broken blinds, no drawers, broken handles, broken electrical sockets hanging down causing a potential fire hazard, ceilings and walls with water damage, dirty floors, stained carpeting, limited towels and sheets that were extremely soiled, an unsafe pipe leaking, odor of fecal material and gas in basement, and unlocked storage of residents' medications.

25.     Plaintiff's Investigator requested records for one of the former residents on June 13, 2012 at 5:06 p.m. via email.

26.     The Investigator gave Defendant Pittman seven days to gather documents, with a deadline of June 21, 2012.

27.     On June 21, 2012, Plaintiff's Investigator met with two former residents of the Defendant facility and both individuals gave permission for Plaintiff to obtain their records from Defendant Pittman.

28.     On June 22, 2012, Plaintiff sent Defendant Pittman an email which set forth in detail Plaintiffs' federal and state statutory authority to access records held by the Defendants.

4

29. The email requested compliance with the request within three business days.

30. On June 27, 2012 at 9:22 a.m., Plaintiff sent an email to Defendant Pittman reminding him that he had until the end of the day to provide records.

31. Defendant Pittman emailed his response at 5:06 p.m. stating that he was obtaining an attorney.

32. Resident complaints made to Plaintiff include allegations of physical abuse by both the Defendant Pittman and the live-in home manger, verbal abuse, intimidation, lack of medical care, forced, uncompensated labor for Defendant Pittman's personal home remodeling business, demands for excessive rent, and residents being forced to give their food stamps and Veteran's Assistance vouchers in order to purchase food, even though the cost of food is to be included in the room and board costs assessed to residents.

33. Residents also allege that the home manager has killed another client that was locked up in the basement and that they have been forced to purchase alcohol for his consumption.

34. In addition, the home manager is on continuous oxygen even though residents smoke in the home, thus posing a potential dangerous situation.

## V. FIRST CAUSE OF ACTION - ACCESS TO RECORDS; PROTECTION AND ADVOCACY FOR MENTALLY ILL INDIVIDUALS ACT, 42 U.S.C. § 10805

35. Under 42 U.S.C. § 10805(a)(4)(A), Plaintiff has access to all records of an individual who is a client of the system and who authorizes it to have such access.

36. Under 42 U.S.C. § 10805(a)(4)(B), Plaintiff has access to all records of an individual with mental illness who by reason of mental or physical condition is unable to authorize the system to have access, who does not have a legal guardian with respect to whom a complaint has been received by the system or with respect to whom as a result of monitoring or

5

other activities there is probable cause to believe that the individual has been subject to abuse or neglect.

37. 42 C.F.R. § 5141(c) describes information and individual records, whether written or in another medium, draft of final, including handwritten notes, electronic files, photographs or video or audio tape records, which must be available to Plaintiff under 42 U.S.C. § 10805, as including, but not limited to, information and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other services, including medical records, financial records, and reports prepared or received by a member of the staff of a facility or program rendering care or treatment, as well as discharge planning records.

38. 42 C.F.R. § 5141(a) provides that access to records shall be extended promptly to Plaintiff and its authorized agents.

39. Defendants refused to provide Plaintiff access to residents' records, despite their authorization to allow Plaintiff to have such access.

40. Defendants have therefore violated 42 U.S.C. § 10805(a)(4)(A) by their refusal to provide Plaintiff access to residents' records.

**VI.   SECOND CAUSE OF ACTION - OHIO REVISED CODE 5123.60**

41. Under R.C. 5123.60(E)(5), Plaintiff has access to records of a community residential facility pertaining to an individual when he or she consents, including when he or she has been adjudicated as incompetent.

42. Defendant Sunshine Group Home is a community residential facility within the meaning of R.C. 5123.60(E).

43. Defendant Sean Pittman is the owner and operator of Defendant Sunshine Group Home

44. Defendants refused to provide Plaintiff access to records, despite residents'

consent, and have therefore violated R.C. 5123.60(E)(5).

## VII. NEED FOR RELIEF

45. Plaintiff has no remedy at law and will continue to suffer irreparable harm in the absence of injunctive relief. Without the requested relief, Plaintiff is unable to carry out its state and federal statutory duties to investigate complaints made by people with mental illness.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

A. Assume jurisdiction over this matter.

B. Issue a declaratory judgment that Plaintiff is entitled to the records it seeks under 42 U.S.C. § 10805 (a)(4) and that Defendants have violated 42 U.S.C. § 10805 (a)(4)(A by their refusal to provide Plaintiff access to such records.

C. Issue a declaratory judgment that Plaintiff is entitled to the records it seeks under R.C. § 5123.60(E)(5) and that Defendants have violated R.C. § 5123.60(E)(5) by their refusal to provide Plaintiff access to such records.

D. Issue an injunction enjoining Defendants from denying Plaintiff access to all of the records requested in accordance with 42 U.S.C. § 10805(a)(4)(A) and R.C. § 5123.60(E)(5).

E. Provide such other relief as is just and equitable.

Respectfully submitted,

/s/ Susan G. Tobin
Susan G. Tobin (0021725)
Chief Legal Counsel
Ohio Legal Rights Service
50 W. Broad St., Suite 1400
Columbus, OH 43215
(614) 466-7264, ext. 132
(614) 644-1888 – fax
stobin@olrs.state.oh.us